**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DWIGHT MARSHALL,                       :          Civil No. 3:21-cv-1554
                                       :
                    Petitioner         :          (Judge Mariani)
                                       :
        v.                             :
                                       :
KEVIN RANSOM, *et al.*,                :
                                       :
                    Respondents        :

## MEMORANDUM

Petitioner Dwight Marshall ("Marshall") filed the instant petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254 challenging a decision of the Pennsylvania Board of

Probation and Parole (the "Parole Board" or the "Board"). (Doc. 1). For the reasons

discussed below, the Court will deny the habeas petition.

## I.    Background

The Commonwealth Court of Pennsylvania summarized the background of

Marshall's case as follows:

> In 1998, [Marshall] was sentenced to 11 to 22 years in prison for murder in
> the third degree and robbery, with a maximum date of January 15, 2019. He
> obtained release on parole on March 3, 2008. Almost nine years later, as a
> result of a traffic stop in Delaware, [Marshall] was charged with multiple
> crimes related to his possession of 200.49 grams of powder cocaine and
> 67.94 grams of crack cocaine. Specifically, a court in the State of Delaware,
> Kent County convicted [Marshall] for "DDEAL Tier 4 (F) Cocaine" under 16
> Del. C. § 4752, and it sentenced him to eight years, custody level 5. Certified
> Record (C.R.) at 17 (Sentence Order, 5/10/17). Delaware then extradited
> [Marshall] to serve his sentence in Pennsylvania.

The new conviction subjected [Marshall] to a parole revocation hearing. [Marshall] acknowledged his conviction, and signed a waiver of his right to a hearing. C.R. at 36. The parole revocation hearing report recommended "taking [his] street time" because [Marshall] "was on parole for Murder and was convicted of felony drug related crimes." C.R. at 35.

As a result of his out-of-state conviction, the Board recommitted [Marshall] to serve 24 months as a [CPV]. In determining the appropriate recommitment range, the Board determined that [Marshall's] Delaware conviction most closely related to the Pennsylvania crime of possession with intent to manufacture or deliver a controlled substance (cocaine) under Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act (Controlled Substance Act), [Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-113(a)(30),] that carries a statutory maximum sentence of 10 years. 37 Pa. Code § 75.1. Pursuant to 37 Pa. Code § 75.2, the presumptive recommitment range for that new offense is 18 to 24 months. The Board did not award [Marshall] credit for his time spent at liberty on parole because of his "felony drug related crimes." C.R. at [59]. Based on his conviction, the Board recalculated [Marshall's] maximum sentence date as April 29, 2028.

Through counsel, [Marshall] filed an administrative appeal of the Board's recommitment order. The Board issued a decision, affirming and explaining the term of recommitment. Because it stated a reason for denying [Marshall] credit for his time spent at liberty on parole, the Board deemed moot his challenge to its exercise of discretion in its denial of credit. C.R. at 73.

*Marshall v. Pa. Bd. of Prob. and Parole*, 2020 WL 5951546, at *1-2, 241 A.3d 107 (Pa. Cmwlth. 2020) (Table) (citing *Marshall v. Pa. Bd. of Prob. and Parole*, 200 A.3d 643, 646-47 (Pa. Cmwlth. 2018)).

After the Board denied his administrative appeal, Marshall filed a petition for review with the Commonwealth Court of Pennsylvania. (Doc. 8-2, pp. 2-5, *Marshall v. Pa. Bd. of Prob. and Parole*, No. 172 MD 2018). The Commonwealth Court rejected Marshall's claims that the Board violated his due process rights with respect to his waiver of a revocation

hearing, that the Board was not authorized to alter his judicially imposed sentence, and that the Board applied the incorrect recommitment range. *Marshall*, 200 A.3d at 647-649. However, regarding Marshall's claim that the Board erred in failing to grant credit for the time that he spent at liberty on parole, the Commonwealth Court remanded the issue back to the Parole Board "for the limited purpose of explaining its exercise of discretion in its credit determination, and to correct any error in exercising that discretion based on the facts and circumstances of Marshall's parole revocation." *Id.* at 650-52.

On January 16, 2019, on remand, the Parole Board issued a decision modifying the reason for not awarding Marshall credit for time spent on parole, as follows:

> The Board in its[] discretion did not award credit to you for the time spent at liberty on parole for the following reason(s):

> Parolee was being supervised in Virginia and left without permission and was arrested in Delaware with a very large amount of drugs (200 grams of powder cocaine and 67 grams of crack cocaine). He returned to Virginia and did not report his arrest as required.

(Doc. 8-2, pp. 6-7, Notice of Board Decision). As such, the Board kept Marshall's parole violation maximum date of April 29, 2028. (*Id.*).

On February 15, 2019, Marshall filed a petition for administrative review with the Board. (Doc. 8-2, pp. 8-19). On March 18, 2019, the Board issued a decision granting Marshall reparole. (Doc. 8-2, pp. 20-22, Notice of Board Decision). Marshall was released on parole on July 7, 2019. (Doc. 8-2, pp. 23-26). On July 22, 2019, the Board denied

Marshall's February 15, 2019 administrative appeal of the January 16, 2019 Board action. (Doc. 8-3, pp. 2-3).

Marshall then filed a petition for review of the Parole Board decision denying his administrative appeal of the Board's action that denied credit for the time that he spent at liberty on parole following his recommitment as a convicted parole violator. On October 8, 2020, the Commonwealth Court of Pennsylvania affirmed the Board's July 22, 2019 decision. *Marshall*, 2020 WL 5951546, 241 A.3d 107. On April 21, 2021, the Pennsylvania Supreme Court denied Marshall's petition for allowance of appeal. *Marshall v. Pa. Bd. of Prob. and Parole*, No. 428 EAL 2020, 252 A.3d 1078 (Pa. 2021) (Table).

On September 10, 2021, Marshall filed the instant federal habeas petition. (Doc. 1). Marshall argues that the Board's denial of credit for time spent on parole was arbitrary and capricious and violates his constitutional rights. (Doc. 1, p. 2; Doc. 2, p. 6). For relief, Marshall requests that the Court vacate the order of the Pennsylvania Commonwealth Court and award him credit for 9½ years spent at liberty on parole. (Doc. 1, p. 2; Doc. 2, p. 13). Respondents argue that the petition must be denied because there is no indication that the Parole Board abused its discretion by acting arbitrarily or capriciously in denying Marshall credit for time spent at liberty on parole. (Docs. 8, 9). The petition is ripe for disposition.

## II.   Standard of Review

A challenge to the denial of parole is cognizable under 28 U.S.C. § 2254. *See Coady v. Vaughn*, 251 F.3d 480, 486 (3d Cir. 2001) (jurisdiction to entertain state prisoner's

4

habeas petition challenging denial of parole lies under § 2254). However, a federal district court may not grant parole or determine parole eligibility. *Alex v. Gavin*, No. 1:14-cv-261, 2015 WL 8012825, at *1 (M.D. Pa. Dec. 7, 2015). Instead, "[t]he only remedy which the court can give is to order the Board to correct the abuses or wrongful conduct within a fixed period of time, after which, in the case of non-compliance, the court can grant the writ of habeas corpus and order the prisoner discharged from custody." *Id.* (quoting *Billiteri v. U.S. Bd. of Parole*, 541 F.2d 938, 944 (2d Cir. 1976); *see also Bridge v. U.S. Parole Comm'n*, 981 F.2d 97 (3d Cir. 1992).

## III.   **Discussion**

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV § 1. It is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," nor has the Commonwealth of Pennsylvania created such a right. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996) (recognizing the general principle that the Pennsylvania parole statute does not create a liberty interest in the right to be paroled); *Coady v. Vaughn*, 770 A.2d 287, 289 (Pa. 2001) ("It is undisputed that [an inmate] does not have a clear legal right to the grant of parole, nor does the board have a corresponding duty to grant the same.").

The role of a federal court is confined to reviewing the substance of the state parole decision to determine whether the Parole Board exercised its authority in an arbitrary and capricious, or constitutionally impermissible manner. *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980). Stated simply, the court must evaluate whether the Parole Board abused its discretion. In order to show a violation of substantive due process, the petitioner must demonstrate that: (1) he was arbitrarily denied parole on the basis of impermissible reasons such as race, religion, or political beliefs; or (2) the Parole Board failed to apply appropriate, rational criteria in reaching its determination. *Id.* at 236. "However, federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." *Coady*, 251 F.3d at 487. The "relevant level of arbitrariness required to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious, which we have termed at times 'conscience shocking' or 'deliberately indifferent.'" *Hunterson v. DiSabato*, 308 F.3d 236, 247 (3d Cir. 2002) (citation omitted).

Here, Marshall challenges the Parole Board's January 16, 2019 denial of credit for the time that he spent at liberty on parole following his recommitment as a convicted parole violator. On January 16, 2019, the Parole Board recorded a Notice of Board Decision, in which they advised Marshall that he was denied credit for time spent on parole for the following reasons:

> The Board in its[] discretion did not award credit to you for the time spent at liberty on parole for the following reason(s):

6

> Parolee was being supervised in Virginia and left without permission and was
> arrested in Delaware with a very large amount of drugs (200 grams of powder
> cocaine and 67 grams of crack cocaine).  He returned to Virginia and did not
> report his arrest as required.

(Doc. 8-2, p. 6, Notice of Board Decision).

Thereafter, on July 22, 2019, the Board affirmed its January 16, 2019 recommitment

decision stating, in relevant part:

> Pursuant to the Supreme Court's ruling in *Pittman v. Pa. Bd. of Prob. and
> Parole*, the Board must articulate the basis for its decision to grant or deny a
> convicted parole violator credit for time spent at liberty on parole.  In this case
> on your [B]oard decision mailed January 18, 2019, the Board articulated that
> you were denied credit because while under supervision in Virginia you left
> the state without permission and were arrested in Delaware with a large
> amount of cocaine and crack cocaine and [your] failure to report when you
> returned to Virginia.  The record accurately reflects that you were arrested in
> Delaware on October 22, 2016[,] and found to be in possession of 200 grams
> of cocaine and 67 grams of crack cocaine.  Additionally, after you posted
> bond and were released from custody in Delaware you failed to return to
> Virginia for supervision and failed to report the arrest to parole supervision.
> Therefore, the reason provided for not awarding you credit for the time you
> were at liberty on parole is sufficient.
>
> Finally, the Board recalculated your maximum sentence date to April 29,
> 2028[,] based on your recommitment as a convicted parole violator.  The
> decision to recommit you as a convicted parole violator gave the Board
> statutory authority to recalculate your sentence to reflect that you received no
> credit for the period you were at liberty on parole.  61 Pa. C.S. § 6138(a)(2).
> The Board denied you credit for time at liberty on parole in this instance.  The
> Board advised you of this potential penalty on the parole conditions you
> signed on February 28, 2008.  You also had constructive notice of this
> potential penalty via the statute.  Additionally, the ability to challenge the
> recalculation decision after it is imposed satisfies your due process rights.
> Therefore, the Board's recalculation of your maximum sentence date did not
> violate any constitutional provisions, including double jeopardy.  *Young v.
> Commonwealth*, 409 A.2d 843 (Pa. 1979).

> The Board's regulations provide that the scope of review of an administrative
> appeal is limited to whether the decision is supported by substantial evidence,
> an error of law has been committed or there has been a violation of
> constitutional law.  37 Pa. Code § 73.1(a)(2).  The record in this matter
> establishes that the Board decision mailed January 18, 2019 (recorded
> 1/16/2019) is supported by substantial evidence, does not constitute an error
> of law, and does not violate your constitutional rights.

(Doc. 8-3, pp. 2-3).

On petition for review from the Board's decision, the Commonwealth Court of

Pennsylvania affirmed the July 22, 2019 Parole Board decision and found that the factors

relied upon by the Board in refusing to grant credit under 61 Pa. C.S. § 6138(a) were

supported by the record; namely, that Marshall was arrested in Delaware for possessing

large quantities of powder cocaine and crack cocaine with the intent to deliver the same, he

left Virginia without permission to travel to Delaware to commit these crimes, and he failed

to notify the Virginia parole authorities of his arrest in Delaware for these crimes. *Marshall*,

2020 WL 5951546, at *6.  The Commonwealth Court therefore determined that "it is clear

that the Board . . . has furnished a sufficient contemporaneous statement of the reasons

why it denied [Marshall] credit for the time that he was at liberty on parole, which is amply

supported by the certified record and relates to a number of [Marshall's] actions

contravening the conditions of his parole." *Id.* at *7.

Marshall has not established that the January 16, 2019 denial of credit amounted to

an unreasonable exercise of the Parole Board's discretion.  Rather, it is apparent from the

arguments raised in Marshall's filings that he merely disagrees with the criteria the Parole

Board relied upon to deny him credit for time spent at liberty on parole. (*See* Docs. 1, 2). However, this challenge to the Parole Board's administrative decision to deny Marshall credit for time spent on parole is unavailing. *See* 61 Pa. C.S. § 6138 (granting the Parole Board vast discretion to refuse to award credit for time spent at liberty on parole). The record clearly reflects that the factors relied upon by the Parole Board in refusing to grant credit under 61 Pa. C.S. § 6138(a) were supported by the record and the Parole Board issued its decision in accordance with the statutory requirements of 61 Pa. C.S. § 6138. *See McGinnis v. Royster*, 410 U.S. 263, 277 (1973) (holding that there is a "legitimate desire of the state legislature to afford state prison officials an adequate opportunity to evaluate both an inmate's conduct and his rehabilitative progress before he is eligible for parole"). 61 Pa. C.S. § 6138(a)(1) provides that any parolee who commits a crime punishable by imprisonment while on parole, and is convicted or found guilty of that crime, may be recommitted as a convicted parole violator. 61 Pa. C.S. § 6138(a)(1). Further, 61 Pa. C.S. § 6138(a)(2.1) grants the Board discretion to award credit for the time spent at liberty on parole to a convicted parole violator recommitted to serve the remainder of his sentence, except when the recommitment involves the reasons in subsections 6138(a)(2.1)(i) and (ii) (violent and sexual offender crimes). 61 Pa. C.S. § 6138(a)(2.1).

Moreover, when Marshall was released on parole in 2008, he signed a document on February 28, 2008 which stated the following relevant conditions of parole:

> If you are arrested on new criminal charges, the Board has the authority to lodge a detainer against you which will prevent your release from custody,

pending disposition of those charges, even though you may have posted bail or been released on your own recognizance from those charges.

If you violate a condition of your parole/reparole and, after the appropriate hearing(s), the Board decides that you are in violation of a condition of your parole/reparole you may be recommitted to prison for such time as may be specified by the Board.

If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time spent at liberty on parole.

(Doc. 8-1, p. 14, Conditions Governing Parole/Reparole). Thus, Marshall was well aware of the conditions of his parole and the potential penalties of any violations.

Marshall has not directed the Court to any factor relied upon by the Parole Board that could be described as conscience shocking or deliberately indifferent. The Parole Board appropriately relied on a combination of factors to deny Marshall credit for the time spent at liberty on parole. Marshall merely disagrees with the Board's conclusions. For example, he acknowledges that he left the state of Virginia without permission but argues this was only a technical violation and did not warrant the denial of time credit. (*See* Doc. 2, pp. 4-6). Marshall's challenges to the Board's rationale relate to factual disagreements, which do not equate to conscience shocking or deliberate indifference giving rise to a substantive due process claim. Therefore, because Marshall has failed to meet his burden of demonstrating that the Parole Board abused its discretion, the Court will deny the instant petition for a writ of habeas corpus.

## IV.    Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322 (2003).  Because reasonable jurists could not disagree with the resolution of this petition, there is no basis for the issuance of a COA.  Thus, the Court will decline to issue a certificate of appealability, as Marshall has failed to demonstrate "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## V.    Conclusion

In accordance with the foregoing, the Court will deny Marshall's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (Doc. 1).  A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: December ___, 2021

11